IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SMITH,

        Plaintiff,                   No. CIV S-11-0670 JAM GGH PS

    vs.

UNITED STATES,

        Defendant.               FINDINGS AND RECOMMENDATION

_____/

        Plaintiff, proceeding in this action pro se and in forma pauperis, has filed an amended complaint. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        By order of October 7, 2010, plaintiff was informed that his claims were legally frivolous, but that he could file an amended complaint. That amended complaint is now before the court.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The amended complaint is limited to the following paragraph:

I found two (2) violations and request a hearing. Violations or under title of violation §§ espionage. #2 § Telecommunications Section fed code 47. I found the titles of federal U.S. code at Sac. County Law Library about one week ago. [Sic].

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

1  notice to the defendants and must allege facts that support the elements of the claim plainly and
2  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
3  must allege with at least some degree of particularity overt acts which defendants engaged in that
4  support his claims.  Id.  Indeed, the amended complaint contains nothing which might be
5  considered cognizable allegations against anyone.  Because plaintiff has failed to comply with
6  the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  As
7  plaintiff has previously been informed of these rules, and has now had the opportunity to correct
8  the deficiencies in his complaint, but has failed to do so, it now appears that further amendment
9  would be futile.

10           Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

11           These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
13  fourteen (14) days after being served with these findings and recommendations, plaintiff may file
14  written objections with the court and serve a copy on all parties.  Such a document should be
15  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is
16  advised that failure to file objections within the specified time may waive the right to appeal the
17  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: June 14, 2011                        /s/ Gregory G. Hollows

19                                         GREGORY G. HOLLOWS,
                                            UNITED STATES MAGISTRATE JUDGE
20  GGH:076/Smith0670.fr.wpd